## PANAMA TRANSPORT CO. v. THE MARAVI.

## BALBOA S. S. CO., Inc., v. THE · PHŒBUS.

### No. 105, Docket 20788.

Circuit Court of Appeals, Second Circuit.
Jan. 26, 1948.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Charles E. Wythe, both of New York City, of counsel), for the Maravi.

Kirlin, Campbell, Hickox & Keating, of New York City (Ira A. Campbell and Eugene F. Gilligan, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ With the exception of one witness (Stanley, a consulting engineer and marine surveyor, who testified as an expert as to hydraulic telemotor systems and their breakdowns), the testimony was all by deposition. Accordingly, we are, with respect to most of the facts, in as good a position to determine what happened as was the trial judge, and therefore the usual "unless clearly erroneous" test does not apply to the judge's findings. Nevertheless, they are, of course, entitled to great respect. Having carefully considered them, we accept them. His version of what occurred is so amply stated in his opinion that there is no need for us to go into details. However, there are two items which we shall briefly consider.

■ 1. The Phoebus is charged with having kept a negligent lookout. It would appear, however, that her helmsman noticed the "out-of-control" lights on the Maravi as soon as they were lit, and reported them to the watch officer, who gave appropriate orders to the engine-room. The bow lookout also saw the lights, but did not report them because he observed that they had been seen on the bridge, and because he heard the telegraph ring. We think these facts do not indicate negligence. Also, as the trial judge pointed out, since the Maravi was out of control and the Phoebus sighted her lights and acted immediately, "there is not the faintest causal connection, or possibility of causation, between the conduct of either ship in respect of lookout and the disaster." 70 F.Supp. 817, 822.

■ 2. It is urged that the collision could not have occurred where the judge found it did, because to reach that point the Maravi would have had to travel further than the Phoebus, while the Maravi had reduced her speed and the Phoebus had not. As the trial judge wisely stated, in such cases there is very considerable room for conjecture. Without making a specific finding as to the precise movements of both ships, the judge did suggest what may well have happened. As he pointed out, the Phoebus was under hard right rudder for the five crucial minutes before the collision, and three minutes before the collision she went full astern on her starboard engine to assist her turning.

Maravi reduced her turns, but she did not stop her engines until three minutes before the collision, and did not go astern until one minute before it. Without calculating the effect of full right rudder on the Phoebus, the judge concluded, "that she might well have covered much less ground under the circumstances than did the Maravi." Reconstructions of situations as confused as that which preceded the collision are inherently guessy. In the circumstances, we feel that the trial judge was justified in rejecting the contention of the Maravi.

On the basis of the foregoing and the above discussion, we think the decision correct.

Affirmed.